[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

No. 10-12995
Non-Argument Calendar
_____

D. C. Docket No. 0:09-cr-60320-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM THOMAS BENTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 14, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Adam Bentley appeals his 21-month sentence after pleading guilty to a

single count of transferring obscene matter to an individual who had not attained

the age of 16 years old, in violation of 18 U.S.C. § 1470. Bentley's conviction

arose from his engaging in an online chat-room communication with girls who he

believed were 14 and 15 years old. In actuality, the girls were undercover police

officers. During this online communication, Bentley transmitted live video footage

of himself masturbating and sent instant messages instructing the girls to perform

lewd acts on each other. Approximately one week later, Bentley engaged in

another online communication with the same fictitious girls, and although he did

not transmit live footage of himself, he again instructed the girls to perform lewd

acts on each other. Bentley raises two arguments on appeal.

First, Bentley first argues that the district court failed to advise him of his

rights at the plea colloquy, as required by Fed. R. Crim. P. 11.[1] Bentley asserts that

the district court failed to advise him that anything he said under oath could be

used against him by the government in a prosecution for perjury, Fed. R. Crim. P.

11(b)(1)(A), but the record reveals that the district court did so advise Bentley.

Bentley next asserts that the district court failed to advise him of its authority to

award restitution, Fed. R. Crim. P. 11(b)(1)(K), but this case did not involve

---

[1] Because Bentley raises this argument for the first time on appeal, we review it for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity of public reputation of judicial proceedings." Id. at 1019 (quotation marks and alteration omitted).

restitution. Bentley further argues that the district court did not advise him of any applicable forfeiture, Fed. R. Crim. P. 11(b)(1)(J), but the record reveals that the court ensured that Bentley sufficiently understood the forfeiture count in the indictment; and there is nothing to suggest that Bentley would have pled not guilty had the district court more thoroughly discussed the applicable forfeiture. See United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004). Bentley also argues that the district court failed to advise him that pleading guilty would result in the loss of his right to vote and bear arms, but Rule 11 requires no such advice. See Downs-Morgan v. United States, 765 F.2d 1534, 1537 (11th Cir. 1985). Finally, the record demonstrates that the court otherwise satisfied Rule 11's core concerns. See United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

Second, Bentley argues that, in denying his request for a downward variance, the district court failed to explain the reasons for its sentence and imposed a sentence that was greater than necessary.[2] Bentley's arguments are belied by the record. The district court explained that it imposed the sentence it did because of the graphic nature of Bentley's online transmission and communications, and because his behavior was not aberrant, as evidenced by the

---

[2] We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of demonstrating that the sentence was unreasonable in light of the record and the factors in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

fact that he returned to the chat room less than one week later and communicated with the same fictitious girls. Nor has Bentley shown that the court's reliance on these factors rendered his sentence greater than necessary. The court's sentence was imposed within (albeit at the top of) the guideline range, and we ordinarily expect such sentences to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Moreover, the court's sentence fell well below the statutory maximum sentence of ten years' imprisonment. See United States v. Valnor, 451 F.3d 744, 751–52 (11th Cir. 2006).

While Bentley presented mitigating evidence at sentencing—primarily, psychiatric testimony that he was suffering from a social adjustment disorder, not a chronic sexual disorder—the record reflects that the court sufficiently considered that evidence, as well as the § 3553(a) factors, in fashioning its sentence. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007). At bottom, Bentley disagrees with the district court's weighing of the § 3553(a) factors, but this matter is left to the court's sound discretion where, as here, we lack "the definite and firm conviction that the court committed a clear error of judgment . . . ." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted). Thus, Bentley has not met his burden to show that the court's sentence was unreasonable. Accordingly, we affirm.

**AFFIRMED.**